UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRISTAN MICHAEL HYDE,

    Plaintiff,

v.                                Case No. 3:24cv226-LC-HTC

FLORIDA DIVISION OF
CORPORATIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Tristan Michael Hyde, a prisoner proceeding *pro se* and *in forma pauperis*, files this action seeking to assert claims against (1) the Florida Division of Corporations for dissolving his company, Hyde Commodities, LLC, and (2) Walton County Assistant District Attorney Angela Liles for malicious prosecution, among others.[1]  Doc. 1.  Plaintiff failed to truthfully disclose his litigation history.  Thus, this action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for abuse of the judicial process.

---

[1] Plaintiff's claims against Attorney Liles are barred by prosecutorial immunity. *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (cleaned up) (Prosecutors are "immune for malicious prosecution" and "have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions.").

## I.      STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), the court shall review "as soon as practicable" any prisoner's complaint seeking redress from governmental employees and, upon such review, shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. §1915A(a–b); *see also* 28 U.S.C. §1915(e)(2)(B) (setting the same standard for *in forma pauperis* litigants).

## II.     FAILURE TO DISCLOSE

Section IV of the complaint form asks Plaintiff to identify his prior litigation history.  That section begins by advising Plaintiff, that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." Doc. 1 at 3 (emphasis in original).  Subsections A-C ask Plaintiff to identify specifically any state or federal cases which (1) either deal with the same or similar facts as the instant case, or (2) relate to the fact or manner of Plaintiff's incarceration or conditions of confinement.  *Id.*

Plaintiff, however, did not disclose at least two cases which he filed in this Court and which pertain to the conditions of his confinement:  (1) *Hyde v. Walton County, et al.*, No. 3:23-cv-02386-LC-HTC (N.D. Fla.), and (2) *Hyde v. Webster, et*

*al.*, No. 3:23-cv-04570-LC-ZCB (N.D. Fla.).[2]  Despite this misrepresentation,

Plaintiff signed the complaint "UNDER PENALTY OF PERJURY THAT THE

FOREGOING STATEMENTS OF FACT . . . ARE TRUE AND CORRECT."

Doc.1 at 13 (emphasis in original).

Plaintiff's *pro se* status does not excuse him from conforming to acceptable

standards in approaching the Court.  If the Court cannot rely on the statements or

responses made by the parties, it threatens the quality of justice.  The Court will not

tolerate false responses or statements in any pleading or motion filed before it.  If

Plaintiff suffered no penalty for his untruthful responses, there would be little or no

disincentive for his attempt to evade or undermine the purpose of the form.  Thus,

the Court should not allow Plaintiff's misrepresentation to go unpunished.

An appropriate sanction for Plaintiff's failure to provide the Court with true

factual responses is to dismiss this case without prejudice.  *See Bratton v. Sec'y*

*DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without

prejudice when prisoner failed to disclose one prior federal case that was dismissed

pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT,

2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v.*

*United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than

---

[2] This is in no way intended to be an exhaustive list of all the cases Plaintiff failed to disclose.

dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Because Plaintiff's failure to truthfully disclose his litigation history was "malicious" under the PLRA, § 1915(e)(2)(B)(i), this case must be dismissed. *See Myrick v. Martin*, No. 3:14CV77/LAC/EMT, 2014 WL 1744156, at *2 (N.D. Fla. May 1, 2014) (dismissing case as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i)

Case No. 3:24cv226-LC-HTC

and 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to disclose two prior actions).

Accordingly, it is respectfully RECOMMENDED:

1.    This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) as malicious for abuse of the judicial process due to Plaintiff's failure to disclose his litigation history.

2.    The clerk be directed to close the file.

At Pensacola, Florida, this 30th day of May, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.